**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRANDON GROSSINGER,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-4820** |
| | : | |
| **GOOGLE LLC, *et al.*,** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**BEETLESTONE, C. J.** **AUGUST 26 , 2026**

Brandon Grossinger has filed another case naming Google LLC as the Defendant. He asserts a retaliation claim under the Americans with Disabilities Act ("ADA"), as well as state law claims sounding in breach of contract and negligence. He also seeks leave to proceed *in forma pauperis* (ECF Nos. 5 & 6), and has filed a "Master Motion for ADA Accommodation, Stay of Deadlines and Leave to File Based on Newly Discovered Evidence of Systemic Rights Violations" (ECF No. 7), and an "Emergency Motion for Temporary Restraining Order, Order to Restore Access, Order to Show Cause for Civil Contempt and Sanctions, and Criminal Referral for Computer Fraud and Abuse," (ECF No. 9). The Court will grant Grossinger's leave to proceed without paying the filing fee for this case. On statutory screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the ADA claim will be dismissed with prejudice, the state law claims will be dismissed for lack of subject matter jurisdiction, the Emergency Motion will be denied because Grossinger cannot show likely success on the merits, and the Master Motion will also be denied.

## I. FACTUAL ALLEGATIONS[1]

In an earlier case Grossinger filed against Google the Court determined that his ADA Title III claims were not plausible because a website or similar business that has no physical location is not a "public accommodation" that falls within the scope of the Title. *See Grossinger v. Google LLC*, No. 25-2309, 2026 WL 1662759, at *7-8 (E.D. Pa. June 9, 2026) ("*Grossinger I*"). Grossinger titles his new Complaint a "Protective Complaint for Post-Order Conduct." (ECF No. 1 at 1.) Grossinger avers that he does not seek to reassert ADA Title III claims previously dismissed against Google, but has filed his pleading "to support separate claims based on new or continuing conduct, preservation risk, account-access obstruction, retaliation, interference, contract duties, and requested prospective relief." (*Id.*) He claims he has "documented disability-related limitations that affect concentration, written processing, communication, executive functioning, and the ability to navigate complex account, support, authentication, medical, and court-access systems during symptom flares." (*Id.* at 2.) He has repeatedly requested disability-related accommodation from Google, including written communication, additional time, non-circular support, preservation of records, and accessible account-administration procedures. (*Id.*) He uses Google products for "nonprofit operations, communications, records, legal work, administrative access, and preservation of electronically stored information." (*Id.*) He alleges that Google accounts associated with him and his nonprofit "became restricted, suspended, or otherwise inaccessible during periods when [he] had requested accommodation and preservation." (*Id.*)

[1] The factual allegations set forth in this Memorandum are taken from the Complaint (ECF No. 1). The Court adopts the sequential pagination assigned to all pleadings by the CM/ECF docketing system.

After the Court dismissed his prior claim against Google on June 9, 2026, his account access, support, recovery, billing, preservation, and administrative issues allegedly continued to affect his ability to access records and manage accounts, even though Google had responded to him and "acknowledged the critical nature of the situation, including impact on medical care, disability access, and essential email functions." (*Id.*) While it offered a Google Meet session to help resolve his issues, he declined in writing "given the history, potential consequences, legal and operational issues, and ongoing preservation concerns," and asked for written clarification before any account change occurred. (*Id.*) He also requested written confirmation of his account status, suspension status, and other points. (*Id.* at 3.) He claims that "Google's continued reliance on fragmented, phone-dependent, or circular support processes operated as an access barrier after [he] had requested disability accommodations and written clarification." (*Id.*) He alleges that this creates an ongoing risk of the loss of his data files and "these post-Order events and continuing access barriers are materially new or continuing facts that were not finally adjudicated by the June 9, 2026 Order." (*Id.*)

Grossinger asserts an ADA retaliation claim under 42 U.S.C. § 12203 asserting that he engaged in protected activity by requesting disability accommodation, requesting accessible written communication, and objecting to inaccessible administrative barriers affecting account access and preservation. (Compl. at 3.) Because of these protected activities, Google allegedly "continued or maintained account restrictions, inaccessible support logs, administrative barriers, and preservation risks that interfered with his ability to exercise rights protected by the ADA." (*Id.*) Google's conduct allegedly "coerced, intimidated, threatened, or interfered with [him] in the exercise or enjoyment of rights protected by the ADA, including the right to request reasonable accommodations and accessible communication without losing account access or

evidence." (*Id.*) Grossinger also asserts state law claims sounding in breach of contract and negligence based on the same facts. (*Id.* at 3-4.)

## II. STANDARD OF REVIEW

The Court grants Grossinger leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). Although this "plausibility standard is not akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007)). At this early stage of the litigation, the Court will accept the facts alleged in the Complaint as true, draw all reasonable inferences in Grossinger's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes *pro se* allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that

apply to all other litigants." *Id.* (quoting *Mala*, 704 F.3d at 245); *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it b[y] name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.") (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotation marks omitted).

## III. DISCUSSION

### A. ADA Retaliation Claim

In *Grossinger I*, the Court held that Grossinger's ADA Title III claims were not plausible because Google did not provide a place of public accommodation and thus was not liable for disability discrimination. 2026 WL 1662759, at *8 ("Since Grossinger alleges that he interacted with Google exclusively through web portals or other electronic means and fails to allege any

nexus between the services or privileges denied and a physical place, the public accommodation element has not been alleged plausibly under the law applicable in this Circuit."). Grossinger now attempts to state an ADA-based retaliation claim. It too is not plausible.

The ADA's antiretaliation provision states in relevant part that "no person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA]" and that it is unlawful to "coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by [the ADA]." 42 U.S.C. § 12203(a) and (b). Subsection (c) provides further that the "remedies and procedures available under sections 12117, 12133, and 12188 of this title shall be available to aggrieved persons for violations of subsections (a) and (b), with respect to subchapter I, subchapter II and subchapter III, respectively." *Id.* § 12203(c).

Courts that have addressed the issue hold that a plaintiff cannot maintain an ADA retaliation claim against entities that are not otherwise subject to Subchapters I, II, and III of the ADA. *See Van Hulle v. Pac. Telesis Corp.*, 124 F. Supp. 2d 642, 645-46 (N.D. Cal. 2000) ("The threshold issue here is whether the retaliation provision's explicit reference to Subchapters I, II, and III, operates to limit retaliatory liability to entities which are otherwise liable under these subchapters. . . . [A] close reading of Section 12203(c) indicates that the remedy a retaliation claimant is afforded depends on whether the alleged retaliation occurred with respect to employment, public services or public accommodations.") (collecting and analyzing cases); *Lloyd v. Manbel Devco I LP.*, No. 23-2261, 2024 WL 811714, at *8 (E.D. Pa. Feb. 27, 2024), ("[B]ecause Lloyd's complaint did not oppose an act or practice made unlawful by the ADA, she

cannot state a claim for retaliation under the ADA"), *opinion vacated in part on other grounds on reconsideration*, 2024 WL 5440062 (E.D. Pa. Mar. 11, 2024); *Mahdi Sufi El v. People's Emergency Ctr*., 438 F. Supp. 3d 283, 292 (E.D. Pa. 2020) (dismissing the ADA retaliation claim because the plaintiff, who alleged a discriminatory eviction/refusal to rent claim against a private landlord, had not engaged in protected activity where the underlying residential facilities were themselves not covered by the ADA); *Saniefar v. Moore*, No. 17-823, 2018 WL 3020458, at *6-7 (E.D. Cal. June 18, 2018) ("Defendants who are not otherwise subject to ADA remedies cannot be sued for retaliation under the ADA" because, as the retaliation provision does not provide its own remedial provision, the most reasonable inference is that "Congress did not intend to create a remedy for retaliation allegedly perpetrated by [defendants] not covered by Subchapter III."); *Ring v. Boca Ciega Yacht Club, Inc*., 612 F. Supp. 3d 1346, 1366 (M.D. Fla. 2020) (same), *aff'd in part, vacated in part, remanded*, 4 F.4th 1149 (11th Cir. 2021). Because Google's web-based services are not covered by ADA Title III, any derivative claim based on its allegedly retaliating against Grossinger for attempting to invoke Title III accommodations is not plausible.

**B. State Law Claims**

Having dismissed the ADA claim, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. *See Doe v. Mercy Cath. Med. Ctr*., 850 F.3d 545, 567 (3d Cir. 2017) ("A court may [decline to exercise supplemental jurisdiction] under 28 U.S.C. § 1367(c)(3) when it dismisses all claims over which it has original jurisdiction."). Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). The citizenship of an unincorporated entity like Google LLC is determined by the citizenship of its partners or members. *Lincoln Ben. Life Co.*, 800 F.3d at 105. It is the plaintiff's burden to establish diversity of citizenship. *Id.* ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))); *see also Haiying Xi v. Shengchun Lu,* 226 F. App'x 189, 190 (3d Cir. 2007) (*per curiam*) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met).

Grossinger does not allege the citizenship of the parties or an amount in controversy. Rather, he provides only Pennsylvania address for himself and no citizenship information for Google and seeks unspecified damages "as permitted by law." (Compl. at 2, 5.) Accordingly, he has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue, and these claims will be dismissed for lack of subject matter jurisdiction. *See Williams v. Francois*, No. 22-3339, 2023 WL 2203570, at *2 (3d Cir. Feb. 24, 2023) (*per curiam*) (affirming *sua sponte* dismissal of state law claims for lack of subject matter jurisdiction where plaintiff failed to adequately allege the citizenship of

any party to the action). Where a plaintiff does not allege any particular amount in controversy, he additionally fails to meet his burden to demonstrate jurisdiction. *See, e.g.*, *Grossinger v. GoDaddy.com, LLC*, No. 26-4700, 2026 WL 2280723, at *6 (E.D. Pa. Aug. 7, 2026). The dismissal will be without prejudice, and Grossinger may file his state law claims in the appropriate state court if he chooses to do so, where federal jurisdiction will not be an issue. *See Associated Builders & Contractors W. Pa. v. Cmty. Coll. of Allegheny Cnty.*, 81 F.4th 279, 291 (3d Cir. 2023) ("[A] dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus should be ordered 'without prejudice.'" (quoting *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999))); *see also N.J. Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that dismissals for lack of subject matter jurisdiction are "by definition without prejudice" (citation omitted)).

**C. Miscellaneous Motions**

Grossinger's request for a temporary restraining order (ECF No. 9) will be denied because, having dismissed his claims, he cannot show likely success on the merits to meet his burden to receive that relief. *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008); Fed. R. Civ. P. 65. In his "Master Motion," Grossinger seeks stays of deadlines, extensions of time, and leave to file amended and supplemental pleadings in other this and numerous other open and closed cases he has pending before the Court, in part because he is having difficulty with his various email accounts and PACER, and has "new evidence" in the form of a letter he received concerning his medical insurance coverage from the Pennsylvania Insurance Department "demonstrating a pattern of systemic denial of due process rights, mishandling of ADA accommodations, and administrative obstruction by state-affiliated entities." (ECF No. 7 at 3.) The "Master Motion" is denied since (1) the Court has already directed the Clerk of Court to change Grossinger's

email address, (2) there are no deadlines in this case that need to be stayed or "confirmed," (3) any request for leave to file amended or supplemental pleadings in this case is unnecessary since any attempt at amendment of the ADA claim would be futile, *see Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that district courts should dismiss complaints on statutory screening with leave to amend "unless amendment would be inequitable or futile."), and (4) any request to amend in one of Grossinger's other cases must be filed on the docket of that case. As the Court has previously instructed Grossinger, filing a "master" motion in one case, and asking to have it apply to his entire universe of federal pleadings, is not an acceptable method of seeking relief from the Court. *See*, *e.g.*, *Grossinger v. Lichty*, No. 25-2510 (ECF No. 69).

## IV. CONCLUSION

For these reasons, the Complaint will be dismissed on statutory screening because Grossinger's retaliation claim under the ADA is not plausible and there is no jurisdiction over any state law claim. A dismissal Order will be entered separately. Fed. R. Civ. P. 58(a).

**BY THE COURT:**

**S/ WENDY BEETLESTONE**

**WENDY BEETLESTONE, C.J.**